UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6155 CIV-FERGUSON

GEORGE ROBINSON

    Plaintiff,

v.

HVIDE MARINE INCORPORATED,

    Defendant,
_____/

## JOINT STATUS CONFERENCE REPORT

1.     <u>Nature of the claim</u>.

    This is an admiralty and maritime claim filed by the Plaintiff pursuant to the Jones Act, 46 USC 688 and general maritime law. Plaintiff has asserted two causes of action. First, negligence under the Jones Act. Second, unseaworthiness pursuant to general maritime law. Plaintiff has demanded a jury trial. Plaintiff claims that on or about February 20, 1999, while employed as a seaman by the Defendant, he was injured while connecting a cargo line to a manifold for discharge of cargo at the Port of Philadelphia. Plaintiff claims that he slipped in oil that came out of the cargo manifold when he disconnected the flange that connected the line to an overboard discharge valve. He claims that as he was tightening the cargo hose, a grating on which he was standing slid causing him to lose his balance whereupon he fell onto the grating and then the deck below. Because of this, Plaintiff claims to have had surgery (right rotator cuff) and claims future damages including loss of ability to earn an income. Plaintiff is also now claiming to have other medical problems in addition to the right shoulder.

    Defendant answered the Plaintiff's Complaint on February 22, 2000. Hvide denied the nature of the Plaintiff's allegations and raises six affirmative defenses. Defendant claims the Plaintiff himself was the sole proximate cause of the accident and that it did not occur because of any oil on the deck, but rather, simply because Plaintiff while tightening the flange was not careful and his wrench slipped off the bolt causing him to fall. Defendant has provided medical care to the Plaintiff but there are currently disputes over the nature and extent of additional care that may be required. Defendant has denied the responsibility to provide that care but the parties are currently attempting to ascertain the nature and cause of any other problems the Plaintiff may have and the parties' responsibility for the payment of the same. Defendant also has asserted that it has paid the Plaintiff all of the wages due to him. Defendant has also demanded trial by jury.



2.  <u>A brief summary of facts which are uncontested or stipulated</u>:

    A.  Defendant, Hvide Marine, operated the M/V Seabulk America.

    B.  Hvide Marine Incorporated's principal place of business and home office is within the Southern District of Florida.

    C.  Hvide Marine employed Plaintiff as a temporary seaman on the M/V Seabulk America.

    D.  Plaintiff claimed to have been injured on February 20, 1999, and Defendant provided immediate access to medical care.

    E.  This Court has subject matter jurisdiction and there is jurisdiction over the parties herein. Venue is proper in the Southern District of Florida and this is a general maritime claim to which the substantive admiralty law of the United States applies.

3.  <u>Statement of issues</u>.

    A.  Whether the Defendant failed to furnish to the Plaintiff a safe place to work or was otherwise negligent pursuant to the Jones Act.

    B.  Whether the M/V Seabulk America was unseaworthy and whether such unseaworthiness was a substantial producing cause of the Plaintiff's injury.

    C.  Whether the accident occurred in the manner and nature in which Plaintiff alleges.

    D.  Whether the Plaintiff himself was negligent and whether such negligence was the sole proximate cause of the accident or contributing legal cause of the accident.

    E.  Whether the Defendant owes the Plaintiff any further maintenance and cure for conditions which Plaintiff claims have arisen due to the injury suffered in the February, 1999, accident and which the Defendant disputes arose as a result of that accident but rather, claims were the result of pre-existing conditions which were not disclosed to Defendant.

    F.  Whether Plaintiff failed to disclose and/or whether he misrepresented his pre-existing medical condition so as to relieve the Defendant from responsibility for payment of any maintenance and cure expenses arising from aggravation of such conditions.

    G.  The nature and extent of the damages claimed by the Plaintiff herein.

4.  <u>Summary of any pending motions</u>.

    None

5.  <u>Progress of discovery and approximate time case will be ready for trial</u>.

    The parties are only beginning discovery at this juncture. Defendant has propounded interrogatories and a request for production which Plaintiff answered on April 3, 2000. Defendant anticipates that those responses will lead it to undertake substantial discovery into the Plaintiff's pre-existing medical condition and work history. Plaintiff claims that he requires additional surgery to his left shoulder and low back. This claim will require Defendant to delve into the Plaintiff's pre-existing medical condition quite extensively. Defendant has also arranged for the Plaintiff to be evaluated by an orthopaedic surgeon for purposes of evaluating his current claims and needs for medical care. Accordingly, a substantial amount of discovery into the medical issues will be required.

    Correspondingly, Plaintiff was injured onboard a vessel that infrequently calls in Port Everglades. The crew employed on the vessel live in various states and in various locales, most outside of the Southern District of Florida. Liability discovery will need to be taken and witnesses will need to be tracked down and deposed. While Defendant may attempt to coordinate those depositions of current crew members, it is anticipated that a number of out of town trips will be necessary to complete the same. Accordingly, the parties estimate that it will take a minimum of six to nine months to complete both medical and liability discovery and be properly prepared for a pre-trial conference. Defendant's counsel wishes to advise the Court and counsel that he will be on vacation the weeks of July 10th through the 31st. Those vacation plans are set and cannot be changed. They involve reservations for transportation and coordination of children's visitation schedules with divorced parents.

6.  <u>Projected time necessary for trial</u>.

    This will be a jury trial that should take between four to five days to try depending upon how well the parties narrow the issues. A number of liability witnesses will be required to testify as well as an unknown number of physicians. Whether the parties will need expert witnesses is unknown at this time.

7.  <u>Unique legal or factual aspects of case</u>.

    None

8.  <u>Status of potential settlement conversations</u>.

    Because of the preliminary nature of the information available to the parties, no settlement conversations have taken place to date. However, once the parties have had the opportunity to do

some liability and medical discovery, it is anticipated that settlement possibilities will be explored. The parties certainly anticipate that this Court will order mediation at some point and if the parties believe that they are ready before such an order is entered, they will voluntarily agree to submit to mediation on their own.

9.A.   <u>Use of magistrate judge</u>.

At this time, the parties have not elected to use the magistrate judge but will continue to explore any possible agreements to the same.

9.B.   <u>Unique issues to be referred to a magistrate judge</u>.

None

10.    <u>Issues to aid in expeditious administration and disposition of the action</u>.

None known at this time.

| | |
|---|---|
| ARTHUR ROTH, ESQUIRE<br>Attorney for Plaintiff<br>14 N.E. First Avenue, Suite 1100<br>Miami, Florida 33132<br>(305) 371-5664 | CANNING & MURRAY, P.A.<br>Attorneys for Defendant<br>8300 NW 53rd Street, Suite 300<br>Miami, Florida 33166<br>(305) 477-6400 |
| By: /s/ Arthur Roth<br>    ARTHUR ROTH, ESQ.<br>    Fl. Bar. No. 068866 | By: _____<br>    DAVID R. CANNING, ESQ.<br>    Fl. Bar No. 217689 |