UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6155-Civ-FERGUSON

GEORGE ROBINSON

    Plaintiff

-v-

HVIDE MARINE INCORPORATED

    Defendant

_____/

### PLAINTIFF'S MOTION TO AMEND COMPLAINT, PROPOSED AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

    Plaintiff GEORGE ROBINSON, by his undersigned attorney, moves for leave to amend the complaint, pursuant to Rule 15(a), Federal Rules of Civil Procedure, and states:

    This is an action by a seaman under the Jones Act, 46 U.S.C.A. 688, and the General Maritime Law, claiming injuries suffered on the vessel in the course and scope of his employment caused by Defendant's negligence and the unseaworthiness of the vessel.

    Regardless of any fault on Defendant's part, Defendant as Plaintiff's employer, has the duty to provide Plaintiff with medical care and maintenance and cure until such time as he has reached all possible cure.

    In the amendment to the complaint, Plaintiff alleges a cause of action for failure to provide medical care, and/or delay therein to give approval therefor.

    That is a standard cause of action in seamen's cases for failure to treat. The amendment details the facts.



1

MEMORANDUM IN SUPPORT

Plaintiff was injured on the vessel in Philadelphia.

He was given medical treatment, including surgery for the right shoulder, and treatment for low back injury.

There was delay for treatment of the left shoulder, and, on December 1, 1999, his treating physician notified Defendant requesting authorization to proceed with treatment, and possible surgery of the right shoulder.

The duty to provide maintenance and cure and medical care continues until the seaman attains the "maximum possible cure." Vella v. Ford Motor Co., 421 U.S. 1, 95 S. Ct. 1381 (1975), (see, footnote No. 5).

The need for the second surgery is not really the core issue. The fact that the primary treating surgeon requested authorization to proceed with the second surgery, and the authority was not forthcoming is crucial.

Even more critical was Defendant's insistence on a second opinion of a physician of their choosing is vital herein. The delay in naming a physician of their choice, and the long delay in receiving his report, prevented Plaintiff from continuing his private insurance to cover his mortgage.

In the Ford Motor Co., case, supra, Mr. Justice Brennan stated that the remedy should be sure and certain, devoid of exception and delay which ordinarily hamper or defeat illness claims.

Defendant has no right to rely on some insidious right to a second opinion and then delay the opinion for six months.

It is respectfully submitted that the amendment is well-taken and should be allowed, and that the proposed amended complaint attached hereto be adopted by the Court without the need for plaintiff to file anew.

IT IS CERTIFIED that a copy of the foregoing and the attached proposed amended complaint was mailed this ⚡ day of June, 2000, to David R. Canning, Esquire, 8300 N.W. 53rd Street, Suite 300, Miami, Florida, 33166.

        ARTHUR ROTH
        Attorney for Plaintiff
        14 N.E. First Avenue #1100
        Miami, Florida 33132
        (305) 371-5664

        BY: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6155-Civ-FERGUSON

GEORGE ROBINSON

    Plaintiff

-v-

HVIDE MARINE INCORPORATED

    Defendant

_____/

### PROPOSED AMENDMENT TO THE COMPLAINT

### THIRD CAUSE OF ACTION

Plaintiff GEORGE ROBINSON alleges as follows:

13. Plaintiff repeats and realleges paragraphs 1 through 9 as if fully set forth herein at length.

14. Defendant is required by the General Maritime Law to provide Plaintiff with medical care and maintenance and cure until he attains maximum benefit of medical aid and attention.

15. Plaintiff was being treated by physicians of his choice at Defendant's expense; on or about October 26, 1999, the physician reported to Defendant that he felt Plaintiff was nearing maximum improvement regarding his right shoulder following surgery, and will continue therapy for a few more weeks prior to proceeding with any other treatment for his opposite (left) shoulder; on December 1, 1999, the physician sought authorization from Defendant to proceed with treatment of the left shoulder.

16. Upon receiving the physician's request for authorization, Defendant refused to grant such authorization until they got a second opinion from a

4

surgeon of their own choice; that despite repeated requests made by Plaintiff for Defendant to arrange an examination by Defendant's surgeon so that his treatment could proceed, Defendant negligently delayed an appointment until Good Friday; that as of the date hereof, Defendant's surgeon has not issued a report; Plaintiff has been without needed medical care since December, 1, 1999.

    17.    As a result of Defendant's failure to act on their insistence for a second opinion, Plaintiff has suffered the injury without relief of pain, has not had his form filled and executed by a doctor to pay for his mortgage, his condition seems to be getting worse, and he has otherwise been injured as a result of Defendant's failure to provide medical care.

    18.    As a result thereof, Plaintiff demands judgment on the Third Cause of Action against Defendant Hvide Marine Incorporated, in an amount in excess of $75,000.00.

ARTHUR ROTH  
Attorney for Plaintiff  
14 N.E. First Avenue #1100  
Miami, Florida 33132  
(305) 371-5664  

BY: _____