UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6155 CIV-FERGUSON

GEORGE ROBINSON,

    Plaintiff,

v.

HVIDE MARINE INCORPORATED,

    Defendant,
_____/

## JOINT MOTION AND STIPULATION FOR CONTINUANCE

**COME NOW** the parties hereto, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4 and local Rule 7.6 of the Local Rules governing practice in the United States District Court in and for the Southern District of Florida respectfully request this Court to continue the trial currently scheduled on the Court's two-week docket commencing December 18, 2000, and as grounds therefor would show unto the Court the following:

1. On May 22, 2000, this Court entered its Order setting trial date and discovery schedule commanding that this case be prepared for and set for trial on the Court's two-week period commencing December 18, 2000.

2. The parties have undertaken discovery and the Defendant arranged for an independent medical examination to be done by Dr. Brett Feldman which examination was to take place in Fort Pierce, Florida on May 9, 2000. Arrangements were made with the Plaintiff to attend and the examination took place. Since that date, despite innumerable requests from the Defendant, Dr. Feldman has failed, refused and/or neglected to complete his examination, compile a report and give the parties an opportunity to review and digest the same. Since that time, Plaintiff claims that he has



suffered additional injuries and requires further surgery. Defendant required an independent medical examination to fulfill its duties to investigate Plaintiff's claim and condition and provide all applicable maintenance and cure which may be due. Both the Plaintiff and the Defendant have been frustrated in their efforts to pursue this case and determine each of their respective rights and duties with respect to the maintenance and cure issues because of Dr. Feldman's tardiness and evasiveness about furnishing a report and as a result of his failure to cooperate with Defendant. This refusal has necessitated Defendant in arranging for a second independent medical examination to take place with Dr. H. Donald Lambe on November 21, 2000. Because the parties cannot determine whether or not Plaintiff's current medical conditions are causally related to the accident of February 20, 1999, and whether he needs further surgery for the same, they cannot proceed to be prepared for trial since Plaintiff claims to need additional medical treatment and Defendant is unable to determine whether or not it is obligated to provide the same without expert medical consultation.

3.     Without the medical information needed by both parties, participation in a meaningful mediation will be impossible as well. The parties have been unable to get the information they need from Dr. Feldman and although a second examination will place an undue economic burden upon the Defendant, it has unilaterally decided to go ahead and schedule a second examination with a different physician who will fulfill his assignment and provide the parties with a report and recommendations. Thereafter, the Plaintiff may or may not need the requested surgery, for which the Plaintiff has now amended his Complaint to add an additional claim against the Defendant. Plaintiff claims not to be at maximum medical cure and unable to prepare for trial until medical treatment is rendered for these conditions.

4.     The delay that has necessitated the filing of this motion was not due to the fault or neglect of either the Plaintiff or the Defendant although admittedly, the Plaintiff had no hand in the

selection of Dr. Feldman whose actions have necessitated the filing of this motion. Defendant cannot proceed without the report and certainly could not properly proceed to trial with an uncooperative and recalcitrant doctor whose testimony and presence could only prejudice the defense of the Defendant at this juncture. Likewise, Plaintiff cannot be compelled to proceed further since he claims he is not yet at maximum medical cure and the parties cannot even determine whether he is at such point which is critical of the evaluation of and handling of the claim from both perspectives.

5. Both the Plaintiff and the Defendant agree that additional time for Defendant to complete its IME, consider the medical issues, for the Plaintiff to obtain any medical treatment he is owed and to bring Plaintiff to maximum medical cure are all conditions precedent to being prepared to try the issues of this case but more importantly, to be prepared to attempt to amicably resolve them if possible.

**WHEREFORE** the parties respectfully submit that this Honorable Court should enter its Order continuing the two-week trial commencing December 18, 2000, and reschedule the same on the Court's first available calendar starting in June, 2001.

ARTHUR ROTH, ESQ.  
Israel Discount Bank Building  
14 N.E. First Avenue, Suite 1100  
Miami, Florida 33132-2404  
Tel. 305/371-5664  
Fax 305/371-6049  

By _____  
ARTHUR ROTH  
Florida Bar No. 068866

CANNING & MURRAY, P.A.  
Attorneys for Defendant  
8300 N.W. 53rd Street, Suite 300  
Miami, Florida 33166  
Tel. 305/477-6400  
Fax 305/594-9162  

By _____  
DAVID R. CANNING  
Florida Bar No. 217689

-3-

**AFFIDAVIT**

STATE OF FLORIDA )
                             ) ss:
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, personally appeared DAVID R. CANNING, who upon first being duly sworn on oath, deposes and says:

1. That the matters set forth above are true and correct to the best of my belief.

FURTHER AFFIANT SAYETH NOT.

DAVID R. CANNING

SWORN TO AND SUBSCRIBED TO before me, the undersigned authority, this 16th day of October, 2000.

Elda Ibarra
My Commission CC873441
Expires September 22, 2003

NOTARY PUBLIC
State of Florida, at Large

My Commission Expires:

X:\WPDOCS\1500\1514\Pleadings\1514101300mtn for continuance.wpd

-4-