UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6155 CIV-FERGUSON

GEORGE ROBINSON,

    Plaintiff,

v.

HVIDE MARINE INCORPORATED,

    Defendant,
_____/



## MOTION TO CONTINUE AND
## MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the Defendant, HVIDE MARINE INCORPORATED, by and through its undersigned attorneys and pursuant to Rule 7.6 of the Local Rules of the United States District for the Southern District of Florida respectfully requests this Court to continue the trial of the above-captioned matter scheduled for the two-week period commencing on July 16, 2001, and as grounds therefor would show unto the Court the following:

1. On or about December 6, 2000, Plaintiff requested a continuance of the above-captioned case. The case was rescheduled for trial from the trial calendar of December 18, 2000.

2. Since that request, counsel for the Plaintiff has fallen gravely ill. That illness has totally prevented Plaintiff's counsel from attending to legal matters including those in this case. Counsel for the Plaintiff requested Defendant not to schedule any discovery or initiate any action in this case while he underwent aggressive chemotherapy treatments and spent a considerable period of time as an in-patient undergoing medical treatment.

3. Because counsel for the Plaintiff was unavailable, was obviously disabled from attending to matters in this case and no substitute counsel appeared for the Plaintiff, Defendant was effectively prohibited from conducting any further discovery and has been unable to undertake the



work necessary to comply with this Court's pre-trial Order. Accordingly, the Defendant is totally unable to prepare for trial, set discovery or even prepare a pre-trial document without the ability to complete depositions, have the Plaintiff respond to pleadings and otherwise participate in the handling of this case. This has occurred through no fault of counsel for the Plaintiff nor that of Defendant. However, the Defendant would be totally prejudiced by being forced to prepare for and attend trial as scheduled under these difficult and unforseen circumstances.

4.  Counsel for the Defendant has been informed by counsel for the Plaintiff that he will be undergoing another six (6) months of chemotherapy, that he is too weak to actively practice and that he has no objection to this motion and Defendant's request. Because of the trial date, it will be impossible for the Plaintiff to obtain new counsel on such short notice and under these circumstances. Until substitute counsel appears, it is impossible to tell precisely when Defendant would be able to proceed with preparing this case for trial. Therefore, Defendant requests that this Court remove this case from the trial calendar and instead, schedule a status conference to determine the Plaintiff's intentions and the status of Plaintiff's counsel's health and efforts to find new counsel.

5.  This motion is not made to delay matters but is intended to cure the absolute prejudice that Defendant has suffered by being impaired and unable to proceed due to the unfortunate and unforseen illness of counsel for the Plaintiff. Because it would have been totally inappropriate for counsel for the Defendant to attempt to force Plaintiff to proceed in this case without the benefit of counsel, Defendant should not be penalized by matters totally beyond its control.

6.  Counsel for the Defendant requests that any status conferences and/or hearings scheduled by the Court in this case not take place during the last two weeks of July or the first week of August as the undersigned has pre-existing non-cancellable vacation plans and will be out of the state of Florida during that time and unable to attend. Counsel for the Defendant respectfully

requests consideration of this vacation schedule in the Court's scheduling of any further hearings or discovery Orders.

## MEMORANDUM OF LAW

Defendant acknowledges that the granting or refusal of a continuance is a matter of judicial discretion. However, as the above motion sets forth, the need for the continuance sought by the Defendant is due to factors not within the control of the Defendant. Rather, the chosen counsel of the Plaintiff is seriously ill, and his illness has prevented counsel for the Defendant from being able to propound and obtain discovery necessary in order to properly prepare the defense of the case for trial.

In a somewhat similar case, *Smith-Weik Machinery Corp. v. Murkock Machinery & Engineering Co.*, 423 F.2d 842 (5th Cir. 1970), the Court noted that where the principal attorney was ill and the local counsel was relatively unprepared, the time for the continuance was short, and the case was complicated it was appropriate to grant a continuance. In *Latham v. Crofters*, 492 F.2d 913 (4th Cir. 1974), the Court there held it was an abuse of discretion to deny a motion for continuance where the record showed that the Defendant, an attorney who intended to conduct his own defense, was in a coronary unit of a hospital until a little more than a month before trial and was not scheduled to return to work on the date of the trial. Lastly, in *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967), the Court held that the illness of a litigant, severe enough to prevent him from appearing in court, is always a legitimate ground for asking for a continuance. Certainly, where it is the chosen counsel of the Plaintiff who is seriously ill, the decision should be no different.

It is respectfully submitted that it is appropriate to grant the continuance sought by the Defendant. The serious illness of Plaintiff's counsel has precluded the Defendant from conducting the necessary discovery. Defendant has not previously sought a continuance and but for the unique

-3-

circumstances of this case, would be prepared to go forward with this action. In light of the unique facts of this case, the Defendant respectfully submits to the Court that a continuance is appropriate and that this case should be removed from this Court's trial calendar with the Plaintiff being given a reasonable amount of time within which to obtain the services of substitute counsel, the Defendant thereafter being given the opportunity for meaningful discovery in order to prepare for trial.

WHEREFORE, the Defendant, HVIDE MARINE INCORPORATED, respectfully requests this Court to remove the above-captioned case from the Court's two-week trial calendar commencing July 16, 2001, enter an Order compelling the Plaintiff to find new counsel and scheduling any further hearings, status conferences or any other matter the Court deems advisable under the circumstances to determine how this case will proceed.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on this __10th__ day of April, 2001, on Arthur Roth, Esq., 14 N.E. First Avenue, Suite 1100, Miami, Florida 33132.

> CANNING & MURRAY, P.A.
> Attorneys for Defendant
> 8300 N.W. 53rd Street, Suite 300
> Miami, Florida 33166
> Tel. 305/477-6400
> Fax 305/594-9162
>
> By _____
> DAVID R. CANNING
> Florida Bar No. 217689

X:\WPDOCS\1500\1514\Pleadings\040401mtn to cont trial.wpd