UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  00-6155-CIV-FERGUSON

GEORGE ROBINSON,

      Plaintiff,

v.

HVIDE MARINE INCORPORATED,

      Defendant.

_____/

## DEFENDANT'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION AND MEMORANDUM TO COMPEL RESPONSE TO SECOND REQUEST FOR PRODUCTION

COMES NOW, the Defendant, HVIDE MARINE INCORPORATED, by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure and hereby files its Response to Plaintiff's Motion and Memorandum to Compel Response to Second Request for Production and hereby states as follows:

1.      On September 26, 2001, the Plaintiff served its Second Request for Production upon the Defendant. ( Copy of which is attached hereto as Exhibit "A").

2.      Plaintiff's request asked for the copy of Hvide Marine Incorporated's entire Operations Manual in effect on February 20, 1999.

3.      Hvide Marine Incorporated duly objected to this request on the basis that it asked for proprietary and privileged information, it was immaterial and irrelevant, overly broad, vague

1

and ambiguous, unlimited in item, scope or category or relevance to this claim. ( Copy of which is attached hereto as Exhibit "B").

      4.     Despite what he asked for, the Plaintiff now indicates that what he really wants is actually the medical procedures section he assumes is contained in the operations manual, because it is relevant to the Plaintiff's care after his alleged accident.

      5.     The Defendant does not object to producing the *medical procedures portion* of Hvide Marine Incorporated's Operations Manual, whatever there is. However, this is not what the Plaintiff requested.

      6.     Defendant's objection should be sustained with regard to the entirety of the Operations Manual, as it does hold privileged and proprietary information, along with much irrelevant matters to this litigation that are not germane to Plaintiff's claim. This other information should not be disclosed to Defendant's competitors or to the general public.

      7.     In addition to the above, Plaintiff's request for the Operations Manual was immaterial and irrelevant, as they asked for the entirety of the manual, when in reality they obviously only had interest in the medical procedures contained therein.

      8.     Plaintiff's request of the entire Operations Manual was also overly broad, vague and ambiguous as it failed to specify the information they were actually requesting, rather opting to make an improper and objectionable request for the entire Hvide Marine Operations Manual. Additionally, they failed to limit their request either by scope or category, thus failing to point out the information they were trying to obtain. Defendant will obtain whatever it is that Captain Rummel refers to, but the reference has nothing to do with the subsequent decision, long after the accident, to deny surgery for a pre-existing left shoulder problem not injured in the accident.

GEORGE, HARTZ, LUNDEEN, FULMER, JOHNSTONE, KING & STEVENS
4800 LEJEUNE ROAD, CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 662-4800

Captain Rummel references an inability to get Plaintiff an immediate appointment with a doctor on a weekend or seen at an emergency room before the ship was to depart, immediately after Plaintiff reported an injury to him. Plaintiff was seen and treated. No one claims any failure to treat or pay maintenance and cure at that point. Plaintiff is mixing "apples and oranges" here.

**WHEREFORE**, for the foregoing reasons, HVIDE MARINE INCORPORATED, respectfully requests this Court enter an Order sustaining its objection to the production of its entire Operation Manual. However, Hvide Marine has no objection to producing the medical procedures portion of the manual, which the Plaintiff has only now requested.

## MEMORANDUM OF LAW

The District Court has enjoys extremely broad discretion in controlling discovery. <u>Weeks v. Samsung HeavyIndust. Co. Ltd.</u>, 126 F.3d 926, 943 (7th Cir. 1997). According to the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action... Federal Rule of Civil Procedure 26(b)(1). In its Second Request for Production, the materials Plaintiff sought are not only privileged materials, but also materials that are wholly irrelevant to the claim.

The Plaintiff's Second Request for Production asked for Hvide Marine's operations manual in effect on the date of Plaintiff's alleged accident. This manual is a compilation of Hvide Marine's policies and procedures for all operations, most of which have no pertinence to Plaintiff's claim. In addition, the information contained therein is confidential information which is only provided to certain Hvide Marine employees. In addition, these manuals contain

GEORGE, HARTZ, LUNDEEN, FULMER, JOHNSTONE, KING & STEVENS
4800 LEJEUNE ROAD, CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 662-4800

proprietary information which should not be allowed to be disclosed based on an unreasonable discovery request.

A similar issue was discussed in <u>In re Conticommodity Services, Inc. Securities Litigation</u>, 1988 WL 56172 (N.D. Ill.), where the court refused to compel the production of the Defendant's internal procedure manuals. The Plaintiff in that case sought the production of these manuals to help determine whether the Defendant's procedures in regard to this matter were in accordance with the standards set forth in those manuals. *Id.* This argument is exactly the one made by the Plaintiff in this matter. Plaintiff has argued that the operations manual is relevant to determine whether Defendant followed its own procedures in procuring medical treatment for an injured crew member. The Court in *In re Conticommodity Services, Inc. Securities Litigation* found that this argument lacked merit, holding that the internal manuals were not relevant to whether negligence occurred. A finding of negligence was to be determined by examining the standards of law in that area, not the self-imposed standards of the firm itself. *Id.* at 56173.

If the Plaintiff wants to analyze whether negligence occurred, there is a plethora of Jones Act case law and reference materials that he may use. The disclosure of Hvide Marine's proprietary and privileged information is unwarranted. The information sought by Plaintiff calls for confidential, proprietary documents containing internal operating information and for information that is neither relevant to the subject matter of the pending action nor reasonably likely to lead to the discovery of admissible evidence. The Defendant will produce the medical procedures portion of the manual, if available. However, the relevance of this portion of the manual is also questionable since there has been no claim of failure to treat at the time of the accident.

4

WHEREFORE, Defendant respectfully requests this Court sustain its objection with respect to the production of Hvide Marine Incorporated's Operations Manual.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail **on this 8th day of November, 2001**, to Andrew L. Waks, Esquire, Waks & Burnett, P.A., 7103 S.W. 102 Avenue, Miami, Florida 33173.

GEORGE, HARTZ, LUNDEEN, FULMER,
JOHNSTONE, KING & STEVENS
Attorneys for Defendant
4800 LeJeune Road
Coral Gables, Florida 33146
Tel.  305-662-4800
Fax  305-663-0140

By_____
DAVID R. CANNING
Florida Bar No. 217689

X:\WPDOCS\2001 Cases\21985\Pleadings\1107 resp to Pl's mot to compel.wpd

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE ROBINSON,                              CASE NO. 00-6155- CIV-FERGUSON

       Plaintiff,

vs.

HVIDE MARINE INCORPORATED,

       Defendant.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

The Plaintiff, GEORGE ROBINSON, by and through his undersigned attorney, hereby requests that Defendant, HVIDE MARINE INCORPORATED, produce the following items for inspection, testing and/or photocopying at the law offices of the undersigned within the time allowed pursuant to the applicable Federal Rules of Civil Procedure:

1. A copy of Hvide Marine Incorporated's Operations Manual in effect on February 20, 1999, the date of George Robinson's accident.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 26th day of September, 2001, to David R. Canning, Esquire, George, Hartz, Lundeen, et al., attorneys for Defendant, 4800 Le Jeune Road, Coral Gables, Florida 33146.

WAKS & BARNETT, P.A.
Attorneys for Plaintiff
7103 S.W. 102 Avenue, Suite A
Miami, Florida 33173
Tel.: (305) 271-8282
Fax: (305) 595-9776

BY_____
     YADIRA R. PEDRAZA
     FLORIDA BAR NO. 827355



EXHIBIT
A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6155-CIV-FERGUSON

GEORGE ROBINSON,

      Plaintiff,

v.

HVIDE MARINE INCORPORATED,

      Defendant.

_____/

## RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

COMES NOW the Defendant, HVIDE MARINE INCORPORATED, by and through its undersigned attorneys and for its Response to Plaintiff's Second Request for Production states:

1.    Objection -- proprietary and privileged information; immaterial and irrelevant; overly broad vague and ambiguous; unlimited in item, scope or category or relevance to this claim.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail on this 19th day of October, 2001, to Andrew L. Waks, Esq./Yadira R. Pedraza, Esq., Waks & Burnett, P.A., 7103 S.W. 102nd Avenue, Suite A, Miami, Florida 33173.

GEORGE, HARTZ, LUNDEEN, FULMER,
JOHNSTONE, KING & STEVENS
Attorneys for Defendant
4800 LeJeune Road
Coral Gables, Florida 33146
Tel. 305-662-4800
Fax 305-663-0140

By_____
DAVID R. CANNING
Florida Bar No. 217689

X:\WPDOCS\2001 Cases\21985\Pleadings\092801res to 2nd req for prod.wpd

**EXHIBIT**

B

GEORGE, HARTZ, LUN     DNE, KING & STEVENS
4800 LEJEUNE ROAD, CORAL G     • TELEPHONE (305) 662-4800

