UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6155-CIV-FERGUSON

MAGISTRATE JUDGE LURANA SNOW

GEORGE ROBINSON,

    Plaintiff,

v.

HVIDE MARINE INCORPORATED,

    Defendant.
_____/



FILED by ___ D.C.
JAN 2 4 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA FT. LAUD.

## MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

COMES NOW the Defendant, HVIDE MARINE INCORPORATED, by and through its undersigned counsel and for its response to Plaintiff's Motion for Extension of Discovery Deadline filed on January 10, 2002, states:

1. Once again, the Defendant finds itself in the position of agreeing with the Plaintiff that the practicalities of completing discovery before February 1, 2002, require an extension of the discovery cut-off but not for Plaintiff's reasons. The Defendant has no objection to extending the discovery cut-off up to the Pretrial Conference and working with opposing counsel to complete discovery and/or mediation. However, Defendant disagrees that the reasons Plaintiff asserts for the need of the discovery cut-off extension should be laid at the feet of the Defendant. Rather, the Plaintiff's own inaction in advancing the case is the root cause of the problem.

2. Defendant was ready, willing and able to mediate the case. It was Plaintiff who unilaterally cancelled it. Plaintiff asserts that he has to go onboard a vessel he served on and should



know about before mediation takes place. The problem with this claim is that this vessel does not call at a port in the state of Florida and the closest port of call to Florida is Lake Charles, Louisiana. Otherwise, the vessel trades between Louisiana and New England. This vessel carries petroleum product and has stringent safety requirements about who may be onboard the vessel and what acts may be performed during loading and off loading of volatile chemical cargos. Furthermore, the inspection of the vessel needs to be coordinated with the rotation of captains so that the captain at the time of the Plaintiff's accident is onboard. He will not be back onboard until sometime in March, 2002. Defendant has indeed forwarded to the Plaintiff vessel itineraries and once again has done so asking the Plaintiff to choose when to go.

3. Furthermore, the Defendant has proposed that the deposition of Captain Rummel who does not reside in the district and cannot be compelled to appear for deposition in Miami be taken at the time of the vessel inspection as long as he is onboard. If not, his deposition will have to be taken in the county and state of his residence. Also, Defendant has told Plaintiff in correspondence that there is no corporate representative currently serving with the Defendant's company (who completed a long and protracted bankruptcy and had a corporate upheaval subsequent to the bankruptcy) who has the most knowledge concerning the Plaintiff's areas of inquiry. More likely, Captain Rummel will have the most knowledge of maintenance of the area where Plaintiff claims his accident occurred. Thus, it is Plaintiff's choice of scheduling that dictates the pace at which discovery is proceeding, not Defendant's alleged non-cooperation. On the contrary, Defendant has done nothing but offer to cooperate.

4. This Court has recently ruled upon Plaintiff's excessive request for production and essentially granted Defendant's objections. Part of the documents requested were produced quite sometime ago, and the last item of the manual has been requested and will be produced upon receipt.

5. The other two witnesses Plaintiff has requested to depose are outside of the control of this Defendant. One, John Coughlin, is deceased and apparently the Plaintiff has now realized that fact as he no longer understandably requests to take his deposition. The fourth witness, an unidentified dock worker who is not in the employ of this Defendant, cannot be produced as Defendant cannot identify him, does not employ or control him and cannot be responsible for his actions or testimony since he lives outside of the state of Florida. Furthermore, Defendant has responded that it will endeavor to try to find some sort of corporate representative with some knowledge of the incident and produce that person for deposition in Fort Lauderdale where the company maintains its principal place of business.

6. Lastly, Plaintiff has now interjected new issues in this case as Plaintiff's counsel has referred Plaintiff to a doctor in Miami and recently provided Defendant with this doctor's report demanding that the Plaintiff receive further medical care and attention which could delay the prosecution of this claim. Defendant is assessing that doctor's opinion who candidly agrees that he has never seen the Plaintiff's pre-existing medical records and could not formulate a true opinion regarding the causation of Plaintiff's current complaints. Plaintiff has multiple pre-existing congenital shoulder and back defects which Defendant's doctors contend were not caused by this incident nor even aggravated by it.

7. Thus, Plaintiff is the author of much of the delay in this case and the reason it cannot be prepared for trial in April. Defendant will endeavor to do whatever it can to be prepared for trial

-3-

but will not be able to do so without an extension of the discovery deadline. Therefore, Defendant agrees with Plaintiff's request but not for the reasons asserted by the Plaintiff.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. mail on this 23rd day of January, 2002, to Andrew L. Waks, Esq., Waks & Burnett, P.A., 7103 S.W. 102 Avenue, Miami, Florida 33173.

> GEORGE, HARTZ, LUNDEEN, FULMER,
> JOHNSTONE, KING & STEVENS
> Attorneys for Defendant
> 4800 LeJeune Road
> Coral Gables, Florida 33146
> Tel. 305-662-4800
> Fax 305-663-0140
>
> By _/s/ David R. Canning_
> DAVID R. CANNING
> Florida Bar No. 217689

X:\WPDOCS\2001 Cases\21985\Pleadings\011602memo of law re mot for ext of disc deadline.wpd

-4-

GEORGE, HARTZ, LUNDEEN, FULMER, JOHNSTONE, KING & STEVENS
4800 LEJEUNE ROAD, CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 662-4800