UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE ROBINSON,

    Plaintiff,

vs.

HVIDE MARINE INCORPORATED,

    Defendant.
_____/

CASE NO. 00-6155- CIV-FERGUSON
Magistrate Judge Lurana S. Snow

**PLAINTIFF'S REPLY TO DEFENDANT'S
MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

COMES NOW the Plaintiff, GEORGE ROBINSON, by and through his undersigned counsel, and files this Reply to Defendant's Response to Plaintiff's Motion for Extension of Discovery Deadline, and states as follows:

1. Defendant agrees with the Plaintiff that the discovery deadline should be extended past February 1, 2002. However, Plaintiff feels that it is necessary to reply to the self-serving and inaccurate allegations raised by Defendant in its Memorandum of Law.

2. Defendant states that it is ready, willing and able to mediate this case. Plaintiff cannot attend a meaningful mediation when he has not been able to conduct any discovery and consequently has not been able to properly evaluate the case. Further, whether or not mediation is scheduled does not preclude the Plaintiff from conducting discovery and is not an excuse for Defendant not providing any. <u>One issue has nothing to do with the other</u>.

3. With respect to the deposition of Captain Rummel, the Plaintiff has been requesting to take his deposition since September 26, 2001. If the Defendant is claiming that he is the corporate

CASE NO. 00-6155- CIV-FERGUSON

representative with the most knowledge, it is required to produce him in this jurisdiction for deposition. However, Plaintiff has stated that he is willing to travel to wherever the vessel and the Captain are to take the deposition of Captain Rummel and conduct an inspection of the accident scene. On January 16, 2002, the Defendant finally faxed to the undersigned the itinerary for the vessel for January and February. The Plaintiff is in the process of scheduling both the ship inspection and the deposition of Captain Rummel probably for February (hence, the Motion for Extension of Discovery Deadline).

4. The Court ruled on Plaintiff's Motion to Compel Response to Request for Production on January 9, 2002. In its Memorandum of Law, Defendant claims that this is an "excessive" Request for Production even though it consisted of <u>one</u> request. <u>Despite the Court's ruling on January 9, 2002, the Defendant has yet to produce the parts of the one document that was requested</u>.

5. With respect to witness John Coughlin, on December 12, 2001, the Plaintiff was first informed that he was deceased. The Plaintiff is aware that the fourth witness, (the unidentified dock worker), cannot be produced because he is not in the employment of the Defendant. However, he has not been identified by the Defendant, nor has Defendant provided an address, name or any other information so that the Plaintiff can arrange to depose him.

6. The Defendant attempts to blame the Plaintiff for needing an extension to the discovery deadline. However, it is the Defendant who has yet to produce anyone for deposition, who was six months late in answering the Initial Set of Interrogatories, three months late in answering Plaintiff's

CASE NO. 00-6155- CIV-FERGUSON

Second Set of Interrogatories, and who has yet to answer Plaintiff's Second Request for Production. Further, it is the Defendant who is under a Court Order (January 9, 2002) to coordinate the depositions of its witnesses. The Defendant has yet to do so.

7. Finally, the Defendant claims that Plaintiff has interjected a new issue in this case by referring the Plaintiff to a doctor in Miami. The Plaintiff has had a claim for maintenance and cure since June 26, 2000. The Plaintiff was receiving maintenance from the Defendant until November 20, 2001, when the Defendant chose to arbitrarily and capriciously terminate Mr. Robinson's maintenance. It is disingenuous of the Defendant to claim this is a "new issue" when in fact this has been an issue since the inception of this case.

WHEREFORE, due to the foregoing, the Plaintiff requests (and the Defendant agrees), that the Court should extend the discovery deadline past February 1, 2002.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ____ day of January, 2002, to David R. Canning, Esquire, George, Hartz, Lundeen, et al., attorneys for Defendant, 4800 Le Jeune Road, Coral Gables, Florida 33146.

>
> WAKS & BARNETT, P.A.
> Attorneys for Plaintiff
> 7103 S.W. 102 Avenue, Suite A
> Miami, Florida 33173
> Tel.: (305) 271-8282
> Fax: (305) 595-9776
>
> BY: _____
>    YADIRA R. PEDRAZA
>    FLORIDA BAR NO. 827355